IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GRANT SCARSDALE                                                                                              PLAINTIFF

v.                                               Case No. 5:14-cv-05098

KHOZ, LLC; and CHARLES C. EARLS
& ASSOCIATES INC.                                                                                       DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are Defendants KHOZ, LLC and Charles C. Earls & Associates, Inc.'s motion to change venue (Doc. 13) and brief in support (Doc. 14). Defendants request that the Court transfer this action to the Harrison Division, which is also within the Western District of Arkansas.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In analyzing whether to grant a motion to transfer, the Court should consider all relevant factors listed in § 1404(a), including the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The party requesting transfer typically bears the burden of demonstrating that transfer should be granted. *Id*. at 695. Defendants have failed to meet that burden in this case.

Defendants argue that the Harrison Division would be a more convenient forum, because the events giving rise to Plaintiff's claims occurred in the Harrison division, and the majority of witnesses are likely to live in the Harrison area. The location of the events giving rise to Plaintiff's

claims is not, in and of itself, relevant to a consideration of convenience, and Defendants do not identify any particular witness who would be inconvenienced by virtue of the fact that trial is to be held in Fort Smith[1] rather than Harrison, except Plaintiff. The Court assumes that any inconvenience to Plaintiff was taken into consideration when Plaintiff chose to file this action in the Fayetteville division. The Court also notes that the interests of justice weigh in favor of not transferring the case to Harrison, as the Harrison courthouse is unmanned and holding a trial there at the time the current case is set would present logistical difficulties for both the Court and the parties that could prejudice the parties' abilities to present and have their case fairly and expediently heard.

Defendants also cite to Title VII's venue provisions. Those provisions, however, refer only to the district in which an action must be brought—not a division within a district. *See* 42 U.S.C. § 2000e-5(f)(3). Defendants do not dispute that venue is proper in the Western District of Arkansas.

For all of the above reasons, IT IS ORDERED that Defendants' motion to change venue (Doc. 13) is DENIED.

IT IS SO ORDERED this 11th day of August, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[1] While the case is pending in the Fayetteville division, the judge assigned to the case is based in Fort Smith and, as such, the case has been scheduled for trial in Fort Smith. Any convenience or inconvenience of holding the trial in Fort Smith was not specifically addressed by Defendants.